[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and for other relief brought to the Superior Court for the Judicial District of New Haven.
Many of the underlying facts in this case are not in dispute. The plaintiff, whose maiden name was Angela D'Agostino, and the defendant were married on June 5, 1971, at New Haven, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least 12 months immediately prior to the date of the filing of the complaint. The marriage between the CT Page 2291 parties has broken down irretrievably and there is no reasonable prospect of reconciliation. The plaintiff and the defendant have two children who are issue of the marriage, Paul Michael Mauriello, born August 14, 1974, and Alese Janine Mauriello, born April 14, 1979. No other minor children have been born to the plaintiff wife since the date of marriage of the parties. Neither party is presently receiving State assistance.
The plaintiff is employed as a legal secretary. Her gross weekly income is $395.00 and her net weekly income is $305.53. The defendant is self-employed as a newspaper dealer. His gross weekly income is $800.00. His net weekly income is approximately $470.00 after deductions for federal tax, social security, state tax, and health insurance. The orders hereinafter entered are based in part on the defendant having a net weekly income of $470.00 and the plaintiff a net weekly income of $305.53.
The plaintiff was employed periodically prior to the fall of 1980. In the fall of 1980 the defendant was convicted of embezzlement and sentenced to serve a term of prison. He was not discharged until early 1984. Between the time the defendant commenced prison in 1980 until his discharge in 1984, the plaintiff was employed. The plaintiff received financial help from the family and had to use accumulated savings in order to have sufficient funds during the period of time the defendant was in prison. The defendant owned the family home prior to the time the parties married. When he purchased the family home he paid approximately $8,000.00 cash and financed the balance. When he entered prison in 1980, the family home was mortgage-free. The present fair market value of the family home is $120,000.00 and the family home continues to be mortgage-free. The defendant quitclaimed the family home to the plaintiff in 1980.
On May 9, 1990, pendente lite orders were entered by agreement of the parties. The defendant paid the required $240.00 total weekly support plus $140.00 weekly alimony through December 1990. He also brought outstanding bills current except for real estate taxes. The parties have stipulated that the amount due on the family home for real estate taxes at the time of the pendente lite order was $2,490.31. In 1991 and 1992 the defendant paid various expenses that the plaintiff had agreed to pay under the pendente lite order including non-public high school tuition, utility bills, and other expenses. The court finds that after giving the defendant credit for the payments he made on behalf of the plaintiff, that the amount due CT Page 2292 to the plaintiff on the pendente lite order is $11,440.00. The defendant's financial affidavit shows that there are unpaid IRS debts. Plaintiff's Exhibit 2 is a certified copy of an IRS lien on the family home in the amount of $6,511.03. Plaintiff's Exhibit 3 is a certified copy of an IRS lien on the family home in the amount of $7,890.90. Plaintiff's Exhibit 4 is a certified copy of an IRS lien on the family home in the amount of $7,604.93. The defendant acknowledges that he is responsible for each of those debts.
In addition to the savings account shown by the plaintiff on her financial affidavit, she also has two separate bank accounts, one in the amount of approximately $6,100.00 and the second in the amount or approximately $7,300.00. Those funds are in her daughter's name and the money is earmarked for college expenses for both children. The Chevrolet Cavalier shown on the plaintiff's financial affidavit was purchased by the parties' son and is used by him.
This court has considered and weighed the factors set forth in 46b-81(c) C.G.S. in determining the issues of assignment of property, and has considered and weighed the factors set forth in46b-82 in determining alimony. This court has also considered and weighed the factors set forth in 46b-62 in determining whether to grant attorneys' fees. Further, this court has considered the Support Guidelines and all appropriate statutes in determining the issues of support.
ORDER
The court hereby enters the following orders:
A. The marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and each of the parties are hereby declared to be single and unmarried.
B. By way of custody and support.
 1. Custody of the minor child is awarded to the plaintiff. The defendant is awarded reasonable rights of visitation.
 2. The order for reasonable rights of visitation is conditioned upon the defendant giving to the plaintiff at least 24 hours advance notice. Further, the defendant is CT Page 2293 not to remove the minor child from the State of Connecticut without prior written agreement of the plaintiff.
 3. In accordance with the Support Guidelines the defendant is ordered to pay to the plaintiff as support the sum of $120.00 per week.
 4. The defendant is ordered to maintain his existing health insurance or comparable insurance for the benefit of the minor child. The parties are to divide equally any uncovered or unreimbursed health expenses for the minor child.
C. By way of alimony.
 1. The defendant is ordered to pay to the plaintiff as periodic alimony the sum of $80.00 per week.
 2. In the event the defendant has not vacated the marital residence by April 1, 1993, then in such event he is to pay to the plaintiff as additional periodic alimony the sum of $30.00 per day for each day that he remains in possession after April 1, 1993.
 3. The defendant is to maintain his existing health policy or the benefit of the plaintiff for the maximum period of time allowed by law at the sole expense of the plaintiff.
D. The court enters the following orders by way of assignment of property:
 1. Title to the family residence remains solely with the plaintiff.
 2. The plaintiff is to execute a promissory note secured by a mortgage deed on the family residence in the amount of $40,000.00. Said note is to be due and payable without interest on the earliest of the following events: (a) the minor child reaching the age of 18, (b) sale of the family residence, (c) the plaintiff vacating the family residence.
 3. The defendant is solely responsible for the payment of the IRS liens shown on plaintiff's Exhibits 2, 3 and 4. In the event those liens have not been released from the land CT Page 2294 records prior to the time the plaintiff is to pay to the defendant the $40,000.00 payment referred to in paragraph 2, then in such event the plaintiff has the right to pay those liens and take credit for the amount of such payment from the $40,000.00 due to the defendant.
 4. The defendant is solely responsible for the payment of the New Haven City tax that was due in May of 1990 in the amount of $2,490.31. In the event that tax has not been paid in full at the time the plaintiff is to pay to the defendant the $40,000.00, then the plaintiff has the right to pay that tax and take credit for such payment from the $40,000.00 due to the defendant.
 5. The plaintiff is solely responsible for the liabilities shown on her financial affidavit except for the $2,490.31 New Haven tax, and hold the defendant harmless.
 6. The 1987 Toyota and 1985 Chevrolet shown on the plaintiff's financial affidavit are awarded solely to the plaintiff.
 7. All furniture, clothing, appliances and jewelry in the family home and in the possession of the plaintiff are awarded solely to the plaintiff.
 8. The bank accounts and Keogh Plan shown on the plaintiff's financial affidavit, as well as the two accounts held in her daughter's name, are awarded solely to the plaintiff.
 9. The defendant is to pay the credit card debts shown on his financial affidavit as well as the IRS liens referred to in plaintiff's Exhibits 2, 3 and 4, and he is to hold the plaintiff harmless therefrom. In addition he is to pay the real estate tax on the family home that was due in May of 1990 in the amount of $2,490.31.
 10. The Oldsmobile shown on the defendant's financial affidavit is awarded solely to the defendant.
 11. The defendant is ordered to vacate the marital residence by April 1, 1993.
12. The court retains jurisdiction over any dispute that CT Page 2295 may arise regarding the language to go in the promissory note and the mortgage deed. There is to be included in the promissory note a provision for attorneys' fees in the event payment is not made by the plaintiff to the defendant when due.
 13. The defendant is to obtain and maintain a life insurance policy on his life naming the child as irrevocable beneficiary and the plaintiff is to retain ownership of said policy. The policy is to be in the face amount of $50,000.00. This obligation terminates when the minor child reaches age 18.
E. The court enters the following orders by way of attorneys' fees.
 1. Each party is ordered to pay their own attorney's fees.
F. Miscellaneous.
 1. Counsel for the plaintiff is to prepare the judgment file and file it in the Clerk's Office.
 2. Each party is ordered to provide the other party with a copy of their federal and state income tax returns by certified mail, return receipt, or registered mail, return receipt, within 15 days after such return is filed. This requirement shall exist for so long as there is an outstanding order for the payment of alimony and/or support.
 3. The defendant is ordered to pay the arrearage of $11,440.00 at the rate of $20.00 per week. When the minor child reaches age 18 the balance of the arrearage is to be paid in full. In the event the family residence is sold prior to the date the minor child reaches 18, then whatever remaining balance exists on the arrearage is to be paid in full by the defendant to the plaintiff.
Sidney Axelrod, Judge CT Page 2296